**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2016[*]
Decided June 1, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2103

| | |
|---|---|
| TRUDI PUCHALSKI, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-C-869 |
| CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security <br> *Defendant-Appellee*. | Lynn Adelman, <br> *Judge*. |

**O R D E R**

Trudi Puchalski, 51-year-old woman who claims that she is disabled by chronic pain, obesity, and affective and anxiety disorder, appeals the district court's judgment upholding the Social Security Administration's denial of her application for disability insurance benefits, *see* 42 U.S.C. § 423(a), and supplemental security income, *see id.*

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

§ 1382(a). The ALJ concluded that Puchalski had not become disabled before her date last insured and had the residual functional capacity to perform light work. The ALJ further concluded that she was also not disabled after her date last insured because she could perform sedentary work.[1] Like the district court, we conclude that the ALJ's analysis is supported by substantial evidence and affirm.

We assume familiarity with the facts set forth in the district court's exhaustive order, *see Puchalski v. Colvin*, No. 14-C-869, 2015 WL 1393331 (E.D. Wis. Mar. 25, 2015), and provide only a brief overview of Puchalski's impairments. Puchalski had chronic pain in her neck and back for which she was prescribed pain medication, given anti-inflammatory injections, and referred to physical therapy. She was also treated with a TENS unit (a machine that uses electric currents to treat nerve pain), nerve blocks (an injection of anesthetic), radiofrequency neurolysis (a heated needle is inserted into a nerve to damage it so that the nerve stops sending pain signals), and epidural steroid injections. She reported only temporary pain relief from the injections, but with the other pain medications she admitted in 2011 to one of her doctors that she had experienced "improvement in activities of daily living." Because of family issues, Puchalski saw a therapist sporadically who diagnosed her with affective disorder and anxiety. At 5'3" and 200 pounds she was also obese. In August 2010 and February 2011 doctors for the Social Security Administration reviewed Puchalski's medical files and opined that she was capable of light work.

At the hearing before an ALJ in January 2013 Puchalski testified about her impairments and resulting limitations. She said that she had not worked since January 2008 and that she did not drive because of her neck pain and the side effects from her medication. The pain kept her inside, she said, and she mostly watched television and napped during the day. She could not clean, shop (because of her difficulty walking), do laundry (because of her difficulty lifting and bending), or stand for more than five minutes, and she had to elevate her knees because of swelling. She said she took all of her medications.

---

[1] Puchalski was eligible for disability insurance benefits from January 15, 2008 (her alleged disability onset date) through June 30, 2009 (her date last insured) and eligible for supplemental security income beginning on June 30, 2009. *See Liskowitz v. Astrue*, 559 F.3d 736, 739–40 & n.2 (7th Cir. 2009) (explaining that a claimant for disability insurance benefits must show that she was disabled while she was insured whereas insured status is not required for a claim for supplemental security income).

The ALJ denied Puchalski's claim using the five-step framework for determining benefit eligibility. S*ee* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ concluded that Puchalski had not engaged in substantial gainful activity (step 1); that her back disorder, degenerative abnormalities in the joints of her spine, obesity, past knee sprain, and shoulder injuries were severe impairments (step 2); that her impairments did not equal a listed impairment (step 3); that she was unable to perform her past relevant work, that before her date last insured she could perform light work with only occasional reaching, and that after her date last insured she was limited to sedentary work with additional limitations in lifting, carrying, standing, walking, climbing, balancing, stooping, kneeling, crouching, crawling, and reaching (step 4). At step 5, the ALJ concluded that Puchalski—before her date last insured—could work as a sales attendant, companion, and information clerk, and—after her date last insured—could work as an order clerk or surveillance system monitor.

The ALJ discredited Puchalski's testimony of severe limitations. The ALJ pointed out that despite her claims of disability, she had been able to work part-time a few days a week as a bartender, renovate her house, care for her disabled child, and babysit. The ALJ further explained that despite her complaints, she had not regularly taken her medication or pursued the recommended physical therapy. And the ALJ noted that her doctors had not recommended she restrict her activities or movements.

 On appeal Puchalski's brief on appeal says in narrative fashion that she is disabled today. But her burden is to show that she was disabled when she applied for benefits. She first raises a number of factual challenges to the ALJ's analysis. She takes issue, for instance, with the ALJ's references to her taking a vacation, which she says happened 17 years earlier, as well as her pursuing hobbies, such as kayaking, camping, fishing, and renovating her home—all activities that she hasn't been able to do in years.

But the ALJ made no factual error. He never referred to Puchalski vacationing. In his analysis at step 2, the ALJ did reference Puchalski's hobbies in assessing her activities of daily living (one of the broad functional areas set out in the disability regulations for evaluating the severity of mental disorders, *see* 20 C.F.R. § 404.1520a). He explained that these hobbies and her house renovations were evidence that she had not been limited in her daily activities, and he properly acknowledged that Puchalski had not continued these activities recently. Further he noted that Puchalski's mental-health treatment was infrequent, and that it was her burden to put forth evidence of the severity of her impairments, *see Castile v. Astrue*, 617 F.3d 923, 926–27 (7th Cir. 2010); *Zurawski v. Halter*,

245 F.3d 881, 885–86 (7th Cir. 2001), but nothing in the record suggests that her limitations were more severe than the ALJ assessed.

Puchalski next says that the ALJ overemphasized her past work as a bartender, her missed physical therapy appointments, and her failure to take prescribed medications. But the ALJ appropriately considered Puchalski's bartending and missed treatments as relevant facts for purposes of his step-4 analysis of her RFC, and he was entitled to rely upon them (and other facts in the record) to conclude that her activities were inconsistent with her claims of disabling pain. *See Pepper v. Colvin*, 712 F.3d 351, 367–69 (7th Cir. 2013); *Castile*, 617 F.3d at 927–28. The ALJ pointed out that Puchalski's bartending, babysitting, and conservative course of medical treatment belied her complaints that she was unable to do anything because of her pain. As required, the ALJ inquired into Puchalski's reason for failing to take her medications and missing appointments before he concluded that her conservative treatment was a reason to discredit her complaints. *See Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014); *Garcia v. Colvin*, 741 F.3d 758, 761–62 (7th Cir. 2013). Although Puchalski testified that she did take her medications, the ALJ properly pointed out that her testimony is contradicted by several medical reports that she had not taken her prescribed medications. In addition, although Puchalski testified that she skipped physical therapy appointments because they were too painful, at the time she gave no such explanation to her doctors.

AFFIRMED.